## COMMONWEALTH *vs.* EDWARD FRAHER.

Norfolk. Nov. 25. — 26, 1878. COLT & MORTON, JJ., absent.

At the trial of an indictment on the Gen. Sts. c. 87, §§ 6, 7, charging the defendant with keeping and maintaining a certain tenement used for the illegal sale and illegal keeping of intoxicating liquors, there was evidence that the defendant occupied a building, using part of it for a dwelling and the rest for other purposes; that, during part of the time covered by the indictment, he used one room for the sale of liquors, and during the rest of the time another room adjoining the first. The judge declined to rule that the government must elect as to which tenement or room it would rely upon; and instructed the jury that a tenement might consist of

two rooms used together and immediately connected together, and that, if the two were thus used alternately and interchangeably for the illegal sale or the illegal keeping of intoxicating liquors, they might be considered as parts of one and the same tenement, and the illegal use of either, while thus connected and used, would be an illegal use of the tenement. *Held,* that the defendant had no ground of exception.

At the trial of an indictment on the Gen. Sts. *c.* 87, §§ 6, 7, charging the defendant with keeping and maintaining a certain tenement used for the illegal sale and illegal keeping of intoxicating liquors, there was evidence tending to show that there were two seizures of intoxicating liquors made during the time covered by the indictment; and that these liquors, at the time of seizure, were in places where they were not likely to be seen by persons visiting the premises. The judge declined to rule that if the liquors seized were not offered by exposing them to those who might become purchasers, and that if the liquors were deposited where their presence could not be known to the public, the jury could not find upon such state of facts alone an illegal keeping, although the defendant did keep and intend to sell them; and ruled that, if the liquors were kept in the tenement, and at the time to which the evidence related, for the purpose of being sold when occasion or opportunity offered, the defendant might be convicted. *Held,* that the defendant had no ground of exception.

INDICTMENT on the Gen. Sts. *c.* 87, §§ 6, 7, charging the defendant on May 1, 1878, and on divers other days between that day and the day of the finding of the indictment, September 9, 1878, with keeping and maintaining a certain tenement in Weymouth, used for the illegal sale and illegal keeping of intoxicating liquors, the same being a common nuisance.

At the trial in the Superior Court, before *Brigham,* C. J., it appeared from evidence introduced by the government that, during a portion of the time from May 1, 1878, the defendant was in occupation of a building, using the second story as a dwelling, and the residue of the building for other purposes; that he also occupied and used one room in the first story, which was designated as the billiard room, and which contained a bar for business purposes, but there was no direct evidence of sales or seizures of intoxicating liquors there; that there was a room in the rear of the billiard room, which had two doors, one leading into the billiard room and one into the entry; that this room, during the first portion of the time covered by the indictment, was not used for business purposes, nor in any way, so far as the evidence disclosed; that some time in June or July, 1878, the bar and fixtures connected therewith were removed from the billiard room; and that, after such removal, the business was conducted with reference to the sale of liquors in the rear room exclusively.

There was also evidence tending to show that two seizures of intoxicating liquors were made during the time covered by the indictment; and that these liquors were at the time of seizure in places where they were not likely to be seen by persons visiting the premises.

The defendant asked the judge to rule that the government must elect as to which tenement or room it would rely upon for a verdict; and that, if the billiard room was separately used for the illegal sale and illegal keeping for sale of intoxicating liquors, and at a subsequent portion of the time still another room was used separately for such business, the government must elect. But the judge refused so to rule; and instructed the jury that a tenement might consist of two rooms used together, and immediately connected with each other, and if the two were thus used alternately or interchangeably for the illegal sale or the illegal keeping of intoxicating liquors, they might be considered to be parts of one and the same tenement, and the illegal use of either, while thus connected and used, would be an illegal use of the tenement.

The defendant also asked the judge to rule that it was necessary for the government to show the illegal keeping for sale of intoxicating liquors; that if the liquors seized were not offered by exposing them to those who might become purchasers, and that if the liquors were deposited where their presence could not be known to the public, the jury could not find upon such state of facts alone an illegal keeping, although the defendant did keep and intend to sell them.

But the judge refused so to rule; and ruled that, if the intoxicating liquors were kept in the tenement, and at the time to which the evidence related, for the purpose of being sold when occasion or opportunity offered, the defendant might be convicted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. L. Eldridge*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

BY THE COURT. The instructions given to the jury were appropriate and sufficient.                    *Exceptions overruled.*